NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YEREMI JEFFERSON EDUARDO
GARCIA-QUEZADA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 20-72669

Agency No. A208-890-305

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2021
Submission Vacated November 24, 2021
Resubmitted March 23, 2023
San Francisco, California

Before: PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Yeremi Garcia-Quezada, a native and citizen of Guatemala, petitions for

review of a decision by the Board of Immigration Appeals ("BIA") upholding an

immigration judge's ("IJ's") denial of his applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 8 U.S.C. § 1252, and we deny Garcia-Quezada's petition.

We review "factual findings, including adverse credibility decisions, under the deferential substantial evidence standard." *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). Under this standard, we "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). The agency is required "to provide specific and cogent reasons for an adverse credibility determination." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (internal quotation marks omitted). In assessing an adverse credibility finding under the REAL ID Act, we "must look to the totality of the circumstances and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (cleaned up).

Here, the IJ based his adverse credibility finding on inconsistencies between Garcia-Quezada's sworn statements, portions of those statements that he found implausible, and Garcia-Quezada's admission to lying under oath in his asylum interview. A particularly concerning issue, according to the IJ, was Garcia-Quezada's untruthfulness in testifying about his relationship with two of his siblings.

In his interview with the Asylum Officer (AO), Garcia-Quezada explained that after his grandmother was murdered, the 18th Street Gang went after him and two of his siblings, threatening to kill his siblings if he didn't join the gang and to

2

kill him if they didn't join. When the AO asked if he was still in contact with his siblings, he reported that they talked "every now and then" but "not consistently," adding that he had last spoken with them "[l]ike one month prior" to the interview and that they had warned him that the gang was still after him. During the hearing before the IJ, however, Garcia-Quezada at first denied having siblings, then denied knowing anything about them. He testified that he had never met them, spoken to them, or lived with them. His earlier statements to the AO, he admitted, were all false—he had lied about his siblings because he was "nervous" and "didn't know what to answer."

We have previously held that a petitioner's deliberate decision to lie to immigration authorities "always counts as substantial evidence supporting an adverse credibility finding" unless the lie was designed to help the petitioner escape immediate danger or gain entry into the United States. *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). Although it is unclear whether this categorical rule survives our recent decision in *Alam*, we need not decide that question, because the outcome here is the same under either the categorical rule or *Alam*'s totality of the circumstances approach. Even accounting for all of Garcia-Quezada's testimony and the circumstances surrounding it, there is substantial evidence to support the IJ's adverse credibility finding.

The IJ cited to several other factors to justify his adverse credibility finding. These include the fact that Garcia-Quezada at different points testified that the man who killed his grandmother did not speak and that the man had said that he would kill Garcia-Quezada if he did not join the gang; that he contradicted himself about whether he had lived with his father in Guatemala; and that the IJ found it implausible that the gang would threaten Garcia-Quezada for six years without harming him, even though they saw him frequently. These are relevant and substantive inconsistencies and implausibilities, and they raise legitimate questions about the veracity of Garcia-Quezada's claims. Not all of the factors cited by the IJ are supported by substantial evidence: As the government admits, the IJ erred in finding that there was an inconsistency about the amount of time Garcia-Quezada's grandmother was in the hospital and regarding his report to police. However, considering the entire record and the totality of the circumstances, substantial evidence supports the IJ's adverse credibility determination.

Garcia-Quezada's false statements cannot be excused by the fact that he was nervous talking to the AO, or by his age either at the time of the interview or when he witnessed the relevant events. It is true that noncitizen children have a unique status in the immigration system and that IJs should take care to account for their youth, including in making credibility determinations. *See Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1045–46 (9th Cir. 2007). We have also recognized that

4

fear and the lingering effects of trauma can have a marked impact on an individual's memory, regardless of his age. *Singh v. Gonzales*, 403 F.3d 1081, 1091 (9th Cir. 2005). Even recognizing the significant anxiety Garcia-Quezada likely felt proceeding through the immigration process as a child, there was still sufficient evidence to support the IJ's adverse credibility finding.

In the absence of credible testimony or any objective evidence supporting Garcia-Quezada's asylum claim, the BIA did not err in concluding that he failed to meet his burden of proof for such relief.[1] Nor did the BIA err in rejecting his withholding claim, since it was based on the same evidence and subject to a more rigorous standard. *See de Leon-Barrios v. INS*, 116 F.3d 391, 394 (9th Cir. 1997). Finally, given Garcia-Quezada's non-credible testimony and the fact that he offered no evidence establishing that he would be at risk of torture if he were returned to Guatemala, the BIA also did not err in rejecting his CAT claim. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

---

[1] The BIA found that it was unnecessary to reach Garcia-Quezada's remaining arguments regarding his membership in a social group, well-founded fear of persecution, and inability to safely relocate within the country in light of the adverse credibility determination. Although Garcia-Quezada raises those issues in his briefing, we need not reach them for similar reasons.